**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| FANNIE MAE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| STEVEN J. DUMONT, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

### NATURE OF ACTION

This action arises from Plaintiff's exercise of its rights and remedies as a secured creditor on account of Defendant's material, uncured defaults under a commercial real estate mortgage loan held by Plaintiff. By separate proceedings commenced in the Massachusetts Land Court (Case No. 14 MISC 483258), Plaintiff, in order that it may enforce its statutory power of sale and proceed with a non-judicial foreclosure, is seeking a judicial determination that Defendant is not entitled to the protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 *et. seq.* ("SCRA"). Ancillary to the Land Court proceedings, Plaintiff seeks herein, among other things, the appointment of a receiver during the pendency of the foreclosure and injunctive relief necessary and incidental to the receivership. Plaintiff is entitled to such relief in accordance with its contractual rights under the mortgage and its rights in equity. In addition, Plaintiff seeks to establish Defendant's liability to Plaintiff under the note.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Fannie Mae is a corporation organized and existing under the laws of the United States having a principal place of business at 3900 Wisconsin Avenue, NW, Washington, D.C. ("Plaintiff" or "Fannie Mae").

2. Defendant Stephen J. Dumont is an individual who owns and operates a multifamily rental property located at 406 Pawtucket Street, Lowell, Massachusetts, and, upon information and belief, resides at 62 Shore Drive, Dracut, Massachusetts ("Defendant").

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because the property that is the subject of this action is located in Lowell, Massachusetts, and Defendant resides in Dracut, Massachusetts. In addition, the parties have consented to venue in this Court in the note and mortgage that govern this controversy.

## FACTS

5. Fannie Mae's public mission is to support liquidity and stability in the secondary mortgage market and increase the supply of affordable housing. Among other things, Fannie Mae purchases existing commercial real estate mortgage loans.

6. By and through written assignments, Fannie Mae is the holder of a certain Multifamily Note dated as of August 15, 2007 executed by Defendant and originally delivered to Gomberg Lending LLC ("Gomberg") in the principal amount of $425,000.00 ("Note") and a certain Multifamily Mortgage, Assignment of Rents and Security Agreement dated as of August 15, 2007 executed by Defendant and originally delivered to Gomberg (collectively, "Mortgage").

True and accurate copies of the Note, Mortgage and Assignments are collectively attached hereto as Exhibit "A."

7. The Mortgage, which is recorded at the Middlesex North County Registry of Deeds in Book 21549, Page 59, secures Defendant's obligations to Plaintiff under the Note and encumbers the business and property of Defendant located and conducted at 406 Pawtucket Street, Lowell, Middlesex County, Massachusetts ("Real Property").

8. The Real Property is a multifamily commercial building that contains nine residential rental units.

9. Defendant materially defaulted under the terms of the Note and Mortgage by failing to make monthly payments due and owing from January 1, 2014 through March 1, 2014, and, despite receiving notice, failing to cure his material defaults.

10. Defendant has a longstanding history of late and delinquent payments, payments declined for insufficient funds, and of being evasive and non-responsive to communications regarding the loan and requests to inspect the Real Property.

11. As of February 3, 2014, Defendant's loan had been delinquent for over sixty (60) days.

12. Eventually, Defendant tendered one payment which was received on February 11, 2014, accepted and applied to the December 1, 2013 monthly payment then delinquent. However, Defendant failed to pay when due the March 1 installment.

13. By written notice dated March 4, 2014, a true and accurate copy of which is attached hereto as Exhibit "B," Fannie Mae advised Defendant that his failure to make monthly payments due and payable for the months of January through March 2014 constituted an Event of Default under the Note and Mortgage, and that, as a result and per its rights under the Note and Mortgage, Fannie Mae had accelerated the full principal indebtedness under the Note.

Fannie Mae demanded full payment of the accelerated indebtedness and advised Defendant that it intended to exercise all rights and remedies available to it under the Note and Mortgage.

14. Fannie Mae also advised Defendant in its March 4, 2014 notice that Defendant's license under the Mortgage to collect rents had been terminated and that Fannie Mae was entitled to all rents and revenues from the Real Property as they become due and payable, including rents currently due and unpaid.

15. While subsequent to the March 4, 2014 notice, Defendant tendered two payments in March and April, one of which was returned for insufficient funds and then replaced, the payments were accepted by Fannie Mae under a written reservation of rights and applied as a credit against Defendant's full, accelerated indebtedness to Fannie Mae and not to the delinquent installment payments.

16. Among other things, Defendant's material and continuing default triggers Fannie Mae's cumulative rights under the Note and Mortgage to commence foreclosure under a statutory power of sale, collect all rents and appoint a receiver.

17. More specifically, among other terms of the Mortgage, Section 3(d) provides that upon Defendant's continuing default under the Note and Mortgage, Fannie Mae, regardless of the adequacy of its security and even in the absence of waste, is entitled to the appointment of a receiver with or without notice to Defendant to, among other things, take full control of the Real Property, take all actions necessary or desirable for the operation and maintenance of the Real Property, and collect rents under the assignment of rents.

18. Fannie Mae has commenced the non-judicial foreclosure process with respect to the Mortgage and Real Property by filing separate proceedings in the Massachusetts Land Court seeking a judicial determination that Defendant is not entitled to the protections under SCRA.

19. Ancillary to the Land Court proceedings, Fannie Mae seeks in this separate action, among other things, the appointment of a receiver during the pendency of the foreclosure and injunctive relief necessary to the success and effectiveness of the receivership.

20. Fannie Mae is entitled to the appointment of a receiver and injunctive relief both as a matter of contract under Section 3(d) the Mortgage and as a matter of equity to, among other things, preserve the value of its collateral, address life and safety concerns of existing tenants, enforce its assignment of rents, and otherwise mitigate its damages and exposure in connection with the loan in default.

21. In addition, Fannie Mae seeks to establish Defendant's liability to Fannie Mae under the Note.

## COUNT I

### (Liability Under the Note)

22. Plaintiff repeats and realleges Paragraphs 1 through 21 in their entirety.

23. By written assignment, Plaintiff is the holder of the Note and Mortgage duly executed and delivered by Defendant.

24. Under the Note, Defendant is obligated and agreed to pay on the first day of every month through maturity in September 2017 consecutive monthly installments of $3,924.88, representing payment of principal and interest ($2,821.83), insurance escrow ($227.06) and tax escrow ($875.99).

25. Defendant materially defaulted under the terms of the Note and Mortgage by failing to make monthly payments due and owing from January 1, 2014 through March 1, 2014, and, despite receiving notice, failing to cure his material default.

26. By written notice dated March 4, 2014, Fannie Mae advised Defendant that his failure to make monthly payments constituted an Event of Default under the Note and Mortgage, and that, as a result and per its rights under the Note and Mortgage, Fannie Mae had accelerated the full principal indebtedness under the Note.  Fannie Mae demanded full payment of the accelerated indebtedness and advised Defendant that it intended to exercise all rights and remedies available to it under the Note and Mortgage.

27. While subsequent to the March 4, 2014 notice, Defendant tendered two payments in March and April, one of which was returned for insufficient funds and then replaced, the payments were accepted by Fannie Mae under a written reservation of rights and applied as a credit against Defendant's full, accelerated indebtedness to Fannie Mae and not to the delinquent installment payments.

28. More specifically, by written notice to Defendant dated April 24, 2014, a true and accurate copy of which is attached hereto as Exhibit "C," Fannie Mae advised Defendant that, as per its rights under the Note and Mortgage, its acceptance of Defendant's past-due payments did not constitute a waiver of Fannie Mae's rights with respect to Defendant's Event of Default and acceleration of the full principal indebtedness under the Note, or an accord and satisfaction.

29. Further, Fannie Mae advised that its acceptance of the March and April payments did not imply that any future payments will be accepted by Fannie Mae, and that its acceptance did not constitute a waiver of its right to reject payments, assess late charges, charge a default

rate of interest, nor prevent Fannie Mae from exercising any right, remedy, or power available to its, including, without limitation, all rights, remedies, and powers granted under the Note and Mortgage and at law or in equity.

30. Moreover, Fannie Mae reaffirmed that, as a result of Defendant's material and continuing defaults, Fannie Mae had accelerated Defendant's full principal indebtedness under the Note, which was now due in full.

31. To date, Defendant has failed and refused to make full payment of all indebtedness due and owing to Fannie Mae under the Note and Mortgage.

32. In accordance with the terms and conditions of the Note and Mortgage held by Fannie Mae, Defendant is liable to Fannie Mae for the immediate payment in full of all indebtedness evidenced by the Note, the Mortgage and all other documents evidencing, securing, governing or otherwise pertaining to the loan evidenced by the Note ("Loan Documents"), including the outstanding principal balance of the Note, together with all accrued and unpaid interest thereon (at the default rate as provided in the Loan Documents) and attorneys' fees and costs of collection, as provided in the Loan Documents.

## COUNT II
### (Appointment of Receiver)

33. Plaintiff repeats and realleges Paragraphs 1 through 32 in their entirety.

34. Among other terms of the Mortgage, Section 3(d) provides that upon Defendant's continuing default under the Note and Mortgage, Plaintiff, regardless of the adequacy of its security and even in the absence of waste, is entitled to the appointment of a receiver with or without notice to Defendant to, among other things, take full control of the Real Property, take all actions necessary or desirable for the operation and maintenance of the Real Property, and collect rents under the assignment of rents.

35. Defendant is in material and continuing default of the Note and Mortgage, and, as a result, Plaintiff is entitled to the appointment of a receiver in accordance with its contractual rights and remedies under the Mortgage.

36. In addition to Fannie Mae's contractual right to a receiver under the Mortgage, equitable considerations compel the appointment of a receiver in order to prevent waste and loss of value of Fannie Mae's collateral, address life and safety concerns of existing tenants at the Real Property, collect rents and revenues under Fannie Mae's assignment of rents, pay recurring expenses, and otherwise reduce Fannie Mae's exposure under the Note and Mortgage.

37. Among other things, as of a September 28, 2012 inspection report, the Real Property's dwelling structure showed signs of deterioration of the trim boards, graffiti on exterior walls, lack of paint and lighting in parking lot, as well as moss growing on portions of the roof.

38. Fannie Mae is not aware of any material remediation or repairs with respect to the Real Property since the September 28, 2012 inspection and reasonably believes that the condition of the premises has deteriorated.

39. Based on the conditions outlined in the inspection report and Defendant's repeated delinquencies, Fannie Mae reasonably believes that Defendant has no intention of remediating the property conditions, particularly in the face of a foreclosure.

40. In addition, Defendant has not turned over the rents to Fannie Mae despite the termination of his license to collect rents, has been non-responsive with respect to requests for information, including requests for current rent roll information, and was unresponsive to requests in January 2014 to conduct an inspection of the Real Property.  After failing to reply to

numerous attempts to propose an acceptable date for inspection, Defendant responded that he was unable to be present for the inspection on the proposed date.

41. Defendant is also required to escrow real estate taxes as part of his obligations under the Note and Mortgage. Plaintiff's loan servicer advanced funds on April 18, 2014 to cover the real estate tax payment due in May 2014 resulting in a current negative tax escrow balance.

42. Accordingly, Fannie Mae is entitled under the Mortgage and in equity to the appointment of a receiver as quickly as possible to preserve the value of Fannie Mae's collateral, to make necessary repairs, protect the existing tenants, prevent any misuse or misapplication of funds by Defendant and to enable Fannie Mae to quickly dispose of its collateral to mitigate its losses.

43. Attached hereto as Exhibit "D" is a proposed order for the appointment of a receiver with respect to the Real Property and the multi-family rental business conducted by Defendant at the Real Property.

## **COUNT III**
### **(Injunctive Relief)**

44. Plaintiff repeats and realleges Paragraphs 1 through 43 in their entirety.

45. In order to fortify the receiver appointed by this Court, and to protect the interests of Plaintiff and the tenants of the Real Property, Plaintiff requests that this Court enter a preliminary injunction that, among other things, compels Defendant's cooperation with the receiver and non-interference with the receivership.

46. Defendant has defaulted under the Note and Mortgage and agreed and consented to the appointment of a receiver under Section 3(d) of the Mortgage.

47. Section 3(d) also requires that Defendant surrender possession of the Real Property to the receiver and turn over management to the receiver.

48. Without an injunction to compel Defendant's performance under Section 3(d), bolster the receiver's powers and prevent Defendant's interference, it is unlikely that the receivership will succeed, causing Plaintiff to suffer immediate and irreparable harm.

49. Immediate injunctive relief is also necessary to secure the health and welfare of the tenants of the Property by ensuring that appropriate residential habitability continues to be provided without interruption.

50. Granting the injunctive relief requested will not harm the Defendant and will benefit the public interest.

51. Accordingly, Plaintiff requests this Court to enter the injunctive relief necessary to the performance of the receiver's rights and duties and incidental to the receivership, as set forth in the proposed order attached hereto as Exhibit "D."

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A. As to Count I, the Court declare and adjudge Defendant to be in material default under the terms of the Note, Mortgage and Loan Documents and enter judgment in favor of Fannie Mae in an amount equal to the unpaid indebtedness evidenced by the Note, Mortgage and Loan Documents, including the outstanding principal balance under the Loan Documents, together with all accrued and unpaid interest thereon (at the default rate as provided in the Loan Documents) and attorneys' fees and costs of collection, as provided in the Loan Documents;

B. As to Counts II and III, the Court appoint the receiver and enter injunctive relief necessary and incidental to the receivership as set forth in the proposed order attached hereto as Exhibit "D"; and,

C. The Court enter all further, necessary and just relief that the Court deems just and proper.

Respectfully Submitted,

FANNIE MAE

By its Attorneys


  /s/ George W. Mykulak
Katharine E. Bachman (BBO No. 025400)
katherine.bachman@wilmerhale.com
George W. Mykulak (BBO No. 365990)
george.mykulak@wilmerhale.com
Brian Driscoll (BBO No. 684984)
brian.driscoll@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Dated:  May 1, 2014